THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

Plaintiff,

v.

ZILLOW, INC.,

Defendant.

No. 2:16-cv-01461

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Zillow, Inc. ("Zillow"), answers the allegations to the Complaint filed by Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), as follows:

## I. PARTIES

1. Admitted.

2. Admitted.

## II. JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## III. FACTUAL ALLEGATIONS

### A. The Policy

5. Admitted.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B. The Underlying Matter**

6. Admitted in part, denied in part. Zillow admits that on July 10, 2014, VHT, Inc. sent Zillow a "Takedown Notification" letter requesting that Zillow remove from its website certain digital images owned by VHT. Zillow further admits that it did not provide National Union with a copy of the Takedown Notification until August 14, 2015. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 6 of the Complaint.

7. Admitted in part, denied in part. Zillow admits that VHT filed suit against Zillow in the Western District of Washington on July 8, 2015 under Case No. 2:15-cv-01906, which will be referred to herein as the *VHT Action*. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 7 of the Complaint.

**C. The Insurance Claim**

8. Admitted.

9. Admitted in part, denied in part. Zillow admits that National Union agreed to provide Zillow with a defense in the *VHT Action* pursuant to a reservation of rights, and that National Union sent a letter dated July 20, 2015 to Zillow, which letter speaks for itself. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 9 of the Complaint.

10. Admitted in part, denied in part. Zillow admits that it did not expressly reach out to National Union to discuss selection of defense counsel, but Zillow is not aware of any effort by National Union beyond the July 20, 2015 letter to Zillow to discuss selection of defense counsel. Zillow further admits that it initially retained DLA Piper to represent Zillow in the *VHT Action*. Zillow is without information or knowledge as to whether or not DLA Piper is on "National Union's list of pre-approved panel firms," and therefore is unable to admit or deny that allegation. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 10 of the Complaint.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

11. Admitted in part, denied in part. Zillow admits that on or about August 14, 2015, Zillow provided National Union with information in response to National Union's requests, including a copy of the Takedown Notification. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 11 of the Complaint.

12. Admitted in part, denied in part. Zillow admits that National Union sent a letter to Zillow dated September 15, 2015, which letter speaks for itself. Zillow denies that the *VHT Action* is not covered under the Policy. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 12 of the Complaint.

13. Admitted in part, denied in part. Zillow admits that National Union sent letters dated November 23, 2015 and January 28, 2016, which letters speak for themselves. Zillow further admits that National Union's outside counsel sent a letter dated April 1, 2016 specifically invoking the Policy's dispute resolution procedure. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 13 of the Complaint.

14. Admitted in part, denied in part. Zillow admits that it participated in mediation with National Union on June 17, 2016, which failed to resolve the dispute about coverage raised by National Union. Zillow further admits that, in connection with the mediation, National Union requested, and Zillow provided National Union, certain additional information regarding the defense of the *VHT Action*. Zillow denies that VHT hired Susman Godfrey to replace DLA Piper, but admits that Zillow hired Susman Godfrey to replace DLA Piper as its defense counsel. Zillow is without information or belief as to when National Union learned of the change in Zillow's counsel, and therefore neither admits or denies that allegation, but does note that Susman Godfrey's appearance was of public record and available to National Union through PACER. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 14 of the Complaint.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15. Admitted in part, denied in part. Zillow admits that National Union sent a letter to Zillow dated July 8, 2016, which letter speaks for itself. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 15 of the Complaint.

16. Admitted in part, denied in part. Zillow admits that it sent a letter to National Union dated July 21, 2016, which letter speaks for itself. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 16 of the Complaint.

**D. Insurance Coverage**

17. Denied.

18. Admitted in part, denied in part. Zillow admits that paragraph 18 quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 18 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted in part, denied in part. Zillow admits that paragraph 23 quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 23 of the Complaint.

24. Denied.

25. Admitted in part, denied in part. Zillow admits that paragraph 25 quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 25 of the Complaint.

26. Denied.

27. Admitted in part, denied in part. Zillow admits that paragraph 27 quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 27 of the Complaint.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

28. Denied.

29. Denied.

30. Denied.

a. Admitted in part, denied in part. Zillow admits that paragraph 30(a) quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 30(a) of the Complaint.

b. Admitted in part, denied in part. Zillow admits that paragraph 30(b) quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 30(b) of the Complaint.

c. Admitted in part, denied in part. Zillow admits that paragraph 30(c) quotes a portion of the Policy, which is to be interpreted in its entirety. Zillow otherwise denies any additional factual allegations or characterizations contained in paragraph 30(c) of the Complaint.

## IV. CAUSE OF ACTION FOR DECLARATORY JUDGMENT

31. Zillow incorporates by reference here its answers to Paragraphs 1 through 30 of the Complaint as set forth above.

32. Admitted.

33. Denied.

34. Admitted in part, denied in part. Zillow admits that National Union is entitled to seek a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.*, but denies that National Union has no duty under the Policy to defend or indemnify Zillow with respect to the *VHT Action*.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V. CAUSE OF ACTION FOR BREACH OF CONTRACT

35. Zillow incorporates by reference here its answers to Paragraphs 1 through 34 of the Complaint as set forth above.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

1. National Union's claims for relief may be barred, in whole or in part, by the terms and conditions in the Policy.

2. National Union's claims for relief may be barred, in whole or in part, by reason of National Union's anticipatory repudiation.

3. National Union's claims for relief may be barred, in whole or in part, by reason of National Union's breach of contract.

4. National Union's claim for breach of contract may be barred, in whole or in part, by reason of National Union's failure to mitigate its damages.

5. National Union's claims for relief may be barred, in whole or in part, by the doctrine of estoppel.

6. National Union's claims for relief are barred, in whole or in part, by the doctrine of waiver.

7. National Union's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

8. National Union's claim for breach of contract fails to state a claim upon which relief is available to National Union.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**COUNTERCLAIMS**

Zillow, for its Counterclaims against Plaintiff-Counter-Defendant National Union, alleges as follows:

## I. FACTUAL ALLEGATIONS

### A. The VHT Takedown Notification

1. On July 10, 2014, Zillow received a letter on behalf of VHT, addressed to Zillow's "Copyright Agent" with the subject line "VHT, Inc. – Takedown Notification."

2. The letter claimed that VHT was the owner of certain digital images that were licensed to real estate professionals for use in the sale or marketing of properties. The letter claimed that Zillow's website contained these images even after a property had been sold, and that users were also posting and sharing the images on Zillow's Digs website.

3. The letter did not demand payment of any damages but did ask Zillow to "remove from your website any images listed on the [enclosed] spreadsheet that relate to properties that have already been sold and/or are being used in connection with Zillow Digs." In addition, the letter asked Zillow to take steps to ensure that VHT's images are not used in any way unrelated to the marketing of properties currently for sale.

4. The letter provided no indication that VHT had intention to sue Zillow. Nor did Zillow believe it had done anything wrong, as the images had been provided to Zillow through the real estate brokers and agents who used the images in connection with their real estate listings and allowed Zillow to use the images.

5. By letter dated July 21, 2014, Zillow responded to VHT, requesting additional information relating to the issues raised in VHT's correspondence. Zillow received no response to this letter.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B. The Policy**

6. On July 17, 2014, Zillow completed and signed an application to renew its professional liability insurance policy sold by National Union, which was set to expire on July 19, 2014.

7. At no time during the application process did National Union request or require that Zillow inform National Union of the Takedown Notification.

8. Specifically, the "Historical Information" sections on National Union's application that would otherwise call for disclosure of claims, or facts and circumstances that could give rise to a claim, expressly stated: "Do not complete this section if this is a renewal application." In accordance with the instructions on National Union's application form, Zillow left these sections of the application blank.

9. After receiving Zillow's completed application, National Union issued a quote for renewal. Zillow instructed its broker to bind coverage, and National Union issued a renewal policy effective July 19, 2014 through July 19, 2015 ("the Policy").

10. The Policy consisted of several different coverage modules, including a "Media Content Insuring Agreement," in which National Union agreed as follows:

> With respect to the MEDIA CONTENT INSURING AGREEMENT, the DEFENSE provisions and the SETTLEMENT provisions of this Clause 1., solely with respect to Claims first made against an Insured during the Policy Period or Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy, this Media Content Coverage Section affords the following coverage:
>
> MEDIA CONTENT INSURING AGREEMENT
>
> The Insurer shall pay on an Insured's behalf all Loss in excess of the applicable Retention that such Insured is legally obligated to pay resulting from a Claim alleging a Wrongful Act.

11. The Policy defined the terms "Claim" and "Suit" as follows:

> "Claim" means:
> (1) a written demand for money, services, non-monetary relief or injunctive relief; or



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

> (2) a Suit.
> ….
> "Suit" means a civil proceeding for monetary, non-monetary or injunctive relief, which is commenced by service of a complaint or similar pleading. Suit includes a binding arbitration proceeding to which an Insured must submit or does submit with the Insurer's consent.

12. The Policy also defined a "Wrongful Act" to include, in relevant part, "any act, error, [or] omission…by an Insured in connection with Material…that results solely in infringement of copyright…."

13. The Policy defined "Loss" to mean "compensatory damages, judgments, settlements, pre-judgment and post-judgment interest and Defense Costs, including punitive, exemplary and multiple damages where insurable by the applicable law which most favors coverage for such punitive, exemplary and multiple damages."

14. In addition, the Policy provided that "The Insurer has the right and duty to defend a Suit for a Wrongful Act, even if the Suit is groundless, false or fraudulent."

**C. The *VHT Action***

15. On or about July 8, 2015, Zillow was served with a complaint filed by VHT, Inc., in the United States District Court for the Western District of Washington ("*VHT Action*").

16. The *VHT Action* alleged that Zillow committed copyright infringement by displaying certain photographs on its Zillow Digs website that purportedly were copyrighted by VHT.

17. The complaint included causes of action for: (1) direct infringement based on alleged display and distribution of the photographs by Zillow, (2) contributory infringement based on the alleged facilitation of users posting the photographs, and (3) vicarious liability for failing to prevent users from posting the alleged copyrighted works on the Digs site.

18. The *VHT Action* was a Suit under the Policy and was therefore a Claim under the Policy.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

19. The *VHT Action* was first brought against Zillow during the Policy Period of the Policy—July 19, 2014 through July 19, 2015.

20. On July 10, 2015, Zillow's broker forwarded the complaint to National Union.

**D. Coverage Positions**

21. On July 20, 2015, National sent a letter to Zillow explaining: "Our preliminary view is that coverage is afforded to Zillow Group, Inc. and Zillow, Inc., subject to our continuing analysis and reservations contained herein."

22. In its July 20, 2015 letter, National Union also agreed that:

> Based on the information available, we note that the Complaint meets the definition of a Suit as that term is defined by Clause 2(i) of the Media Content Coverage Section. We further note that Plaintiff asserts Wrongful Acts (i.e. "Copyright Infringement") in connection with Material (i.e. "Publication on Internet"), pursuant to Clause 2 of the Media Content Coverage Section. Accordingly, please be advised that our defense obligation has been triggered pursuant to the Insuring Agreements in Clause 1 of the Media Content Coverage Section.

23. On September 15, 2015, National Union sent a letter to Zillow, in which National Union explained it "firmly believes that the VHT action is outside the scope of coverage provided by the Policy."

24. In the same letter, National Union requested that Zillow withdraw its tender of the *VHT Action* and threatened to file a lawsuit against Zillow if Zillow refused. National Union did not request any information about Zillow's defense of the *VHT Action*.

25. The purported basis for National Union's position was that the "Claim" was both the *VHT Action* and the Takedown Notification, and therefore was first made against Zillow before the Policy Period.

26. The Policy, however, has two separate and independent definitions of a Claim that are set forth with a disjunctive—a written demand or a suit. The *VHT Action* was a Suit; the Takedown Notification was not.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

27. The Policy also has several provisions that explain when, and under what conditions, two Claims that may be related are to be treated as one single Claim. None of these provisions apply to the *VHT Action* or the Takedown Notification.

28. The *VHT Action* was therefore a Claim first made during the Policy Period for which coverage is afforded under the Policy.

29. Despite the plain language of the Policy, National Union sent letters to Zillow dated November 23, 2015, January 28, 2016, and April 1, 2016, re-affirming National Union's position that there was no coverage for the *VHT Action*. Again, National Union did not request any information about Zillow's defense of the *VHT Action*.

30. On June 17, 2016, National Union and Zillow participated in mediation pursuant to the Dispute Resolution Process under the Policy.

31. Between September 15, 2015 and the mediation on June 17, 2016, National Union made no affirmative effort to defend Zillow in the *VHT Action* or otherwise associate in Zillow's defense.

32. Following the mediation, National Union sent a letter to Zillow dated July 8, 2016, in which National Union requested: "that Zillow provide copies of invoices documenting all defense costs incurred by Zillow to date, as well as copies of any budgets, liability/damages assessments and/or status reports prepared by defense counsel."

33. This letter was the first written request National Union had made for such information since September 15, 2015, when it had first informed Zillow of its position that there was no coverage for the *VHT Action*.

34. Zillow responded via letter dated July 21, 2016, providing National Union with copies of invoices for the defense costs incurred in the *VHT Action*, and requesting that National Union execute a confidentiality agreement to ensure that Zillow's privileged defense information remained protected from disclosure to third parties.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

35. National Union refused to enter into a confidentiality agreement prior to filing this lawsuit.

36. After filing this lawsuit, National Union agreed to the entry of a Protective Order.

37. Zillow has fully cooperated with National Union's requests for information concerning the defense of the *VHT Action*.

38. To date, National Union has not paid or reimbursed Zillow for any of the costs incurred in defense of the *VHT Action*.

## II. COUNTERCLAIM FOR DECLARATORY JUDGMENT

39. Zillow incorporates by reference and restates the allegations of each of the above paragraphs.

*40.* The Policy, by its express terms and conditions, provides coverage for the *VHT Action.*

41. National Union has a duty to defend Zillow in connection with the *VHT Action*.

42. National Union has a contractual duty to pay for Loss incurred by Zillow in connection with the *VHT Action*.

43. As the *VHT Action* is ongoing, Zillow has incurred and will continue to incur Loss to defend the *VHT Action*. Zillow may also incur Loss in any settlement or judgment in the VHT Action.

44. National Union has, by its words, conduct, and inaction, refused or otherwise failed to perform, and indicated it will continue to refuse or fail to perform, its obligations to Zillow under the Policy with respect to any Loss for the *VHT Action*.

45. An actual controversy exists between Zillow and National Union regarding the rights of Zillow and the obligations of National Union in connection with the *VHT Action*.

46. A declaratory judgment under 28 U.S.C. § 2201, *et seq.*, is necessary to resolve an actual case or controversy that exists between the parties.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## III. COUNTERCLAIM FOR BREACH OF CONTRACT

47. Zillow incorporates by reference and restates the allegations of each of the above paragraphs.

48. National Union has a contractual duty under the Policy to defend Zillow against the *VHT Action*.

49. National Union also has a contractual duty under the Policy to pay costs Zillow incurs, in excess of $100,000, in defense of the *VHT Action*.

50. Zillow has incurred more than $100,000 in defense of the *VHT Action*.

51. Zillow has substantially performed its obligations under the Policy.

52. National Union has breached the terms of the Policy by failing to pay or reimburse any of Zillow's defense costs.

53. As a direct and proximate result of National Union's breach of contract, Zillow has suffered monetary damages.

## IV. COUNTERCLAIM FOR ATTORNEYS' FEES

54. Zillow incorporates by reference and restates the allegations of each of the above paragraphs.

55. As an insurance company, National Union owes an enhanced fiduciary duty to its insureds, including Zillow.

56. By forcing Zillow into a separate litigation in order to attempt to escape its own contractual obligations under the Policy, National Union is acting contrary to such duty.

57. As a direct and proximate result of National Union's actions, Zillow will be forced to incur attorneys' fees and other expenses in order to litigate with National Union.

58. Zillow is entitled to recover such attorneys' fees and other expenses. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 41, 811 P.2d 673, 675 (1991); *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 36-37, 904 P.2d 731 (1995).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JURY DEMAND**

59. Pursuant to Federal Rule of Civil Procedure 38(b), Zillow demands a trial by jury as to all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Zillow respectfully requests that the Court enter judgment in its favor and against National Union:

A. Dismissing National Union's Complaint with prejudice;

B. Granting Zillow's request for declaratory relief confirming coverage for the *VHT Action* under the Policy;

C. Awarding Zillow damages in an amount to be proven at trial;

D. Awarding Zillow its attorneys' fees and other expenses;

E. Awarding pre-judgment interest to the extent permitted by law; and

F. Granting such other further relief as this Court may deem just and proper.

DATED: October 13, 2016

By: *s/ Nicholas P. Gellert*
Nicholas P. Gellert, WSBA No. 18041
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: NGellert@perkinscoie.com

Selena J. Linde (*admitted pro hac vice*)
Aaron D. Coombs (*admitted pro hac vice*)
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Email: SLinde@perkinscoie.com
Email: ACoombs@perkinscoie.com

*Attorneys for Defendant Zillow, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury and the laws of the State of Washington that on the date indicated below, I caused service of the foregoing ***Answer, Affirmative Defenses, and Counterclaims*** using the CM/ECF system, which will automatically send notification of such filing to all counsel of record herein.

DATED: October 13, 2016

By: s/ Nicholas P. Gellert

Nicholas P. Gellert, WSBA No. 18041
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: NGellert@perkinscoie.com