UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA,<br><br>            Plaintiff,<br>   v.<br><br>ZILLOW, INC.,<br><br>            Defendant. | CASE NO. C16-1461JLR<br><br>ORDER |

Before the court is the parties' stipulated motion to extend the pre-trial schedule, trial date, and related dates in this matter. (Stip. Mot. (Dkt. # 44).) The parties jointly request a 90-day extension of the remaining deadlines in the case schedule "in light of the emergent circumstances related to COVID-19, which has resulted in governmental orders restricting travel and in-person contact, including contact related to litigation such as witness depositions, and the parties' ability to conduct business." (*Id.* at 1.)

ORDER - 1

1  On May 12, 2020, the court issued its scheduling order setting the trial for this matter on July 26, 2021.  (*See* Sched. Order. (Dkt. # 42) at 1.)  Absent a showing of good cause, the court does not grant "short" trial continuances.  Fed. R. Civ. P. 16(b)(4); (*see* Sched. Order at 2 ("The court will alter these dates only upon good cause shown . . . .").)  Although the court understands and appreciates the COVID-19 pandemic's impact, the court has a full docket that would quickly fall into disarray if the court granted extensions to every party who faced scheduling difficulties due to COVID-19.  Thus, the court finds that scheduling challenges caused by COVID-19—without additional details describing the parties' specific challenges—do not constitute good cause to modify a case schedule.  As such, the court DENIES the parties' stipulated motion (Dkt. # 44).

If the parties do not want to keep the current case schedule, the court will consider moving the parties' trial date to the end of the court's trial calendar.  Maintaining the current trial date or moving to the end of the court's trial calendar are the only two options.  The court will not imperil the trial dates of other parties on the court's calendar by granting the parties in this case a 90-day extension.  If the parties wish to move to the end of the trial calendar, they should file a new stipulated motion to that effect within 14 days of the date of this order.  The parties should be aware that the court is presently scheduling trials in the summer of 2022 and that the court expects to have a backlog of cases to reschedule in light of the civil and criminal trial continuances mandated by General Order No. 02-20 and subsequent general orders extending those continuances.  *See* W.D. Wash. Gen. Order 02-20; *see also* W.D. Wash. Gen. Order 15-20.  If the court

1  moves this matter to the end of its trial calendar, the court will also issue a new

2  scheduling order for all unexpired pretrial deadlines.

3      Dated this 21st day of December, 2020.

                                                  JAMES L. ROBART  
                                                United States District Judge